# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PETER-TAKANG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1078** |
| **DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al** | **SECTION: "G"(4)** |

## ORDER

Before the Court are the following motions filed by Plaintiff Patricia Peter-Takang ("Plaintiff"): (1) "Motion for Reconsideration re Order on Motion to Dismiss Case;"[1] (2) "Motion for Default Judgment as to Touro Infirmary Hospital;"[2] and (3) "Motion for Permissive Joinder of Parties."[3] Having considered the motions, the memoranda, the record, and the applicable law, the Court will deny each motion.

## I. Background

On May 15, 2014, Plaintiff, appearing *pro se*, filed the complaint in this matter, wherein she alleges that she gave birth to twins at Touro Infirmary Hospital ("Touro Hospital") and that they died *in utero* on July 20, 2002.[4] Plaintiff alleges that Dr. Glen Steeb ("Dr. Steeb"), allegedly her physician at the time, and/or Touro Hospital disposed of their bodies without her authorization. On August 13, 2005, according to the complaint, Plaintiff learned from an article published in the New Orleans Times-Picayune newspaper that twin toddlers were found walking down Chef Menteur

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 27.

[3] Rec. Doc. 31.

[4] Rec. Doc. 1.

1

Highway in Louisiana.[5] Believing that the toddlers were her twins, Plaintiff approached the Department of Children and Family Services ("DCFS") to request DNA testing to verify "that these children were my biological twins."[6] The request was denied, and Plaintiff filed this lawsuit on May 15, 2014 against Suzy Sonnier ("Sonnier") in her official capacity as Secretary of DCFS, Touro Hospital, and Dr. Steeb. Before the Court are three motions filed by Plaintiff; the Court will consider each in turn.

## II. Motion for Reconsideration

First, Plaintiff filed a "Motion for Reconsideration re Order on Motion to Dismiss Case,"[7] wherein she seeks reconsideration of the Court's October 1, 2014 Order granting Sonnier's unopposed Motion to Dismiss pursuant to Rule 12(b).[8] The Court granted Sonnier's motion because Plaintiff failed to state the basis of the Court's jurisdiction and otherwise failed to state a claim against Sonnier upon which relief may be granted.[9]

### A.    *Parties' Arguments*

Plaintiff argues that she neglected to timely file opposition to Sonnier's motion because she had oral surgery on September 19, 2014, and that "[o]ral surgery is an excusable neglect for my failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 6(b)(1).[10] Plaintiff also states that she attempted to file a "Motion for Extending Time" on October

---

[5] *Id.*

[6] *Id.*

[7] Rec. Doc. 14.

[8] Rec. Doc. 13; Rec. Doc. 9.

[9] Rec. Doc. 13.

[10] Rec. Doc. 14-1 at p. 1.

2

2, 2014, but was informed by the "Pro-Se Clerk" that her case had been dismissed the previous day.[11]

In response, Sonnier argues Plaintiff was dilatory in seeking an extension of time to file her response memorandum because Plaintiff waited five weeks after the motion to dismiss was filed, and nine days after this Court issued its Order, before requesting an extension of time to file.[12] Sonnier argues that this delay does not support a finding of good cause or warrant an extension of time based on a theory of excusable neglect.[13] Sonnier additionally argues that reconsideration of the Court's October 1, 2014 Order is unwarranted because the Eleventh Amendment bars both suits for injunctive relief against a state official in her official capacity and suits against a state agency where the agency did not waive immunity.[14] According to Sonnier, a plaintiff asserting a claim not based in contract or personal injury against the State must first seek legislative approval before filing suit, and here, there are no facts in the record suggesting that Plaintiff sought such authorization from the Louisiana Legislature.[15] Finally, Sonnier argues that dismissal of the complaint pursuant to Rule 12(b)(6) was warranted because Plaintiff fails to allege facts which are believable, or to meet the pleading requirements set forth in Rule 8(a).[16]

With leave of the Court, Plaintiff filed an amended "Motion for Reconsideration" on December 8, 2014, wherein she states:

---

[11] *Id.* at p. 2.

[12] Rec. Doc. 18.

[13] *Id.*

[14] *Id.* at pp. 4–5 (citing *State ex rel. Guste v. Public Investors Life Ins. Co.*, 866 F. Supp. 301 (W.D. La. 1993)).

[15] *Id.* at p. 6.

[16] *Id.*

Plaintiff states that Touro Infirmary Hospital had knowledge that Dr. Glenn Steeb had been accused of a black women [sic] and her unborn baby dying in surgery where Dr. Steeb was the surgeon and this happened in Touro Infirmary Hospital. He was ordered to treatment. I had the right to safety while in Touro hospital and my twins had the same rights. I also had the rights to obtain my twins living or dead. Dr. Steeb told me that my twins was dead and I asked for their bodies and was denied; I had the rights to my property – the twins. The Children and Family Services denied my rights to my twin [sic] through DNA testing.[17]

In support of her argument that her rights have been violated, Plaintiff cites several provisions of "the Articles of the Declaration of Rights."[18]

**B.** *Law and Analysis*

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[19] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[20] with relief being warranted only when the basis for relief is "clearly establish[ed]."[21] A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[22] Rather, Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

---

[17] Rec. Doc. 19-1.

[18] *Id.*

[19] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[20] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[21] *Schiller v. Phyisicans Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[22] *Templet,* 367 F.3d at 479.

 (1) the motion is necessary to correct a manifest error of law or fact upon which the

judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[23]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal

theories, or arguments. . . .'"[24]  Instead, such motions "serve the narrow purpose of allowing a party

to correct manifest errors of law or fact or to present newly discovered evidence."[25]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its

entry is an extraordinary remedy that should be used sparingly"[26] and the motion must "clearly

establish" that reconsideration is warranted.[27]   When there exists no independent reason for

reconsideration other than mere disagreement with a prior order, reconsideration is a waste of

judicial time and resources and should not be granted.[28]

 Plaintiff  argues that reconsideration of the Court's October 1, 2014 Order granting

Sonnier's motion to dismiss is warranted because Plaintiff underwent a medical procedure on

September 19, 2014 and was accordingly unable to oppose the motion. Plaintiff contends that this

---

[23] *See, e.g.*, *Castrillo v. American Home Mortg. Servicing, Inc.*, 2010 WL 1424398, at *4 (citations omitted).

[24] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[25] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[26] *Templet*, 367 F.3d at 478-79 (citation omitted).

[27] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[28] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002).  *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented).

delay is excusable pursuant to Rule 6(b)(1)(B), which provides that the Court may, for good cause, extend a time period for motion papers "on motion made after the time has expired if the party failed to act because of excusable neglect."[29] However, even if Plaintiff's failure to timely oppose the motion constitutes excusable neglect under Rule 6(b)(1)(B),  Plaintiff would not be entitled to reconsideration of Order. She does not point to a "manifest error of law or fact upon which the judgment is based."[30] Furthermore, Plaintiff does not "present[] newly discovered or previously unavailable evidence."[31] Plaintiff does not show that the motion is "necessary in order to prevent manifest injustice."[32] Finally, Plaintiff does not demonstrate that "the motion is justified by an intervening change in controlling law."[33] Accordingly, Plaintiff has presented no grounds for reconsideration. Instead, she appears to re-urge the same allegations that she has already made in this lawsuit. As stated earlier, a motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[34]

As stated above, the Court granted Sonnier's motion because Plaintiff failed to state the basis of the Court's jurisdiction and otherwise failed to state a claim against Sonnier upon which relief may be granted.[35] Although Plaintiff has, in her first and second amended complaints, alleged that this Court has federal question jurisdiction, she still has not stated a claim against Sonnier upon

---

[29] Fed. R. Civ. P. 6(b)(1)(B).

[30] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Templet*, 367 F.3d at, 478-79.

[35] Rec. Doc. 13.

6

which relief may be granted.  Plaintiff filed suit against Sonnier in her official capacity as Secretary of DCFS, seeking injunctive relief.[36] Specifically, she sought permission from DCFS "to complete a DNA [sic] as the children known as Keshawn Jenkins and Deshaun Jenkins or other children known to be my biological twins in their custody."[37] The DCFS, as a branch of the state government, and Sonnier in her official capacity, are entitled to state sovereign immunity.[38]  Plaintiff has not alleged or shown here that the government waived its immunity, nor has she alleged any exception to this rule. Even construing her complaint liberally,[39] the Court finds that Plaintiff has failed to allege any cognizable cause of action against Sonnier, or any factual allegations that raise a right to relief above the speculative level.[40]

Considering that Plaintiff has failed to present any grounds for reconsideration, the Court finds that her  "Motion for Reconsideration re Order on Motion to Dismiss Case"[41] must be **DENIED.**

### III.  MOTION FOR DEFAULT JUDGMENT AS TO TOURO HOSPITAL

Plaintiff has also filed a "Motion for Judgment of Default," wherein she asks the Court to enter a default judgement in the amount of $50 million against Touro  Hospital pursuant to Federal

---

[36] Rec. Doc. 1.

[37] *Id.* at p. 3.

[38] *See Oliver v. Univ. of Tex. Sys.*, 988 F.2d 1209 (5th Cir. 1993) (unpublished) (citing *United Carolina Bank v. Bd. of Regents of Stephen F. Austin Univ.*, 665 F.2d 553 (5th Cir. 1982); *Clay v. Tex. Women's Univ.*, 728 F.2d 714 (5th Cir. 1984)).

[39] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[40] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[41] Rec. Doc. 14.

Rule of Civil Procedure 55(b).[42]  Having considered the motion, the memoranda in support, the record, and the applicable law, the Court will deny the motion.

## A.    *Applicable Law*

The Fifth Circuit emphasizes that "default judgments are a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations."[43] "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[44] Rather, default judgment must be "supported by well-pleaded allegations" and must have "a sufficient basis in the pleadings."[45] The Fifth Circuit instructs that Federal Rule of Civil Procedure 55 establishes a three-step progression toward entry of a default judgment: (1) default; (2) entry of default; and (3) default judgment.[46] A default occurs when "a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."[47] After "the default is established by affidavit or otherwise,"  the Clerk of Court will issue an entry of default.[48] Following the entry of default, "a plaintiff may apply for a judgment based on such default. This is a *default judgment*."[49]

Before granting a motion for default judgment, this Court "has the duty to assure that it has the power to enter a valid judgment," and must "look into its jurisdiction both over the subject

---

[42] Rec. Doc. 27.

[43] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 247, 276 (5th Cir. 1989).

[44] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

[45] *Wooten v. McDonald Transit Associates, Inc.*, 13-11035, 2015 WL 3622111, at *4 (5th Cir. June 10, 2015).

[46] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

[47] *Id.*

[48] *Id.*

[49] *Id.* (emphasis in original).

matter and the parties."[50] The Fifth Circuit has held that "[a] judgment entered without personal jurisdiction is void."[51] The Court must next determine whether the plaintiff's allegations, taken as true, state a claim for relief.[52] Additionally, the Court must consider the following factors when determining whether to grant a default judgment:

[1]     whether material issues of fact are at issue,

[2]     whether there has been substantial prejudice,

[3]     whether the grounds for default are clearly established,

[4]     whether the default was caused by a good faith mistake or excusable neglect,

[5]     the harshness of a default judgment, and

[6]     whether the court would think itself obliged to set aside the default on the defendant's motion.[53]

If the procedural prerequisites for default are met, the Court must then decide whether the plaintiff's requests for relief are appropriate.[54] When a party seeks a default judgment for damages, the Fifth Circuit instructs that "damages should not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts."[55] However, "where the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting

---

[50] *System Pipe & Supply. Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

[51] *Id.*

[52] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

[53] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[54] *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F.Supp.2d.784, 796 (E.D. La. 2013) (Brown, J.) (citations omitted).

[55] *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

documents and where a hearing would not be beneficial, a hearing is unnecessary."[56]

## B.    *Analysis*

The Court must first consider whether it has subject matter jurisdiction over this action. Congress has provided the federal courts with original jurisdiction over "all civil actions arising under the Constitution, laws, and treaties of the United States."[57] In her Second Amended Complaint, Plaintiff appears to bring claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Louisiana Civil Code article 2315.[58] Accordingly, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over Plaintiff's state law claim.

Next, the Court must determine whether it has personal jurisdiction over the parties. Service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.[59]   Rule 4(h)(1) provides that a domestic corporation, partnership, or association may be served in two ways: service is proper  in the manner prescribed for individuals by Rule 4(e)(1), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."[60] The incorporation of Rule 4(e)(1) by Rule 4(h)(1) permits service of process according to the laws of the state in which the district court is

---

[56] *Id. See also Wooten v. McDonald Transit Associates, Inc*., 13-11035, 2015 WL 3622111, at *4 (5th Cir. June 10, 2015).

[57] 28 U.S.C. § 1331.

[58] *See* Rec. Doc. 30.

[59] *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 941–42 (5th Cir. 1999).

[60] Fed. R. Civ. P. 4(h)(1).

located. Under Louisiana Code of Civil Procedure Article 1261(B)(2), "[s]ervice of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process."[61] A corporation that does not have an agent for service of process may be served "[b]y personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted."[62] An agent must have actual, not apparent, authorization from the entity sought to be served.[63]

In this case, a U.S. Marshal delivered the summons to "Diane Rhodes, Secretary" at "James T. Montgomery (CEO) Touro Infirmary Hospital, 1401 Foucher Street, New Orleans LA 70115."[64] The record indicates that service was deficient in several respects. First, Plaintiff has made no showing that "Diane Rhodes" was an officer, a managing or general agent, or authorized by appointment or law to receive service of process on behalf of Touro Hospital.[65] Moreover, there is no evidence in the record indicating that both the summons and the complaint were served, or that a copy of each was mailed to Touro Hospital, as required by Rule 4(h)(1)(B). Even applying Louisiana law pursuant to Rule 4(e)(1), the Court cannot find that service was proper because Plaintiff has not demonstrated that Touro Hospital lacks an agent for service of process, such that Touro Hospital could be served by personal service on any employee of suitable age under Article 1261(B)(2). The Court finds, based on the foregoing, that it lacks personal jurisdiction over Touro

---

[61] LA. CODE CIV. PROC. art. 1261(B)(2).

[62] *Id.*

[63] *Smith v. Womans Hosp.*, No. 14-0500, 2015 WL 2357127, at *3 (M.D. La. May 15, 2015); *see also O'Meara v. New Orleans Legal Assistance Corp.*, No. 90–4893, 1991 WL 110401, at *3 (E.D. La. June 10, 1991).

[64] Rec. Doc. 6.

[65] *See Dobbins v. Kroger Co.*, 2009 WL 2776665, at *1 (N.D. Tex. Aug. 31, 2009) (finding that the defendant was not properly served because "[p]laintiff has made no showing that the receptionist ... was a registered agent for service of process or that she was otherwise authorized to accept service on behalf of [defendant].")

Hospital due to insufficient service of process.[66]

Even if the Court found that it had personal jurisdiction over Touro Hospital, entry of a default judgment would still be improper because Plaintiff's allegations, taken as true, do not state a plausible claim for relief.[67] Moreover, Plaintiff has failed to explain why her request for relief in the amount of $50 million is appropriate.[68] The Court also notes that Plaintiff's original complaint seeks $10 million in damages, but that Plaintiff has not explained the basis for this request, or why her damages figure has increased by $40 million since she initiated this lawsuit. Accordingly, Plaintiff's "Motion for Judgment of Default"[69] is **DENIED.**

## IV.  MOTION FOR PERMISSIVE JOINDER OF PARTIES

Finally, Plaintiff has filed an *ex parte* "Motion for Permissive Joinder of Parties," wherein she appears to seek to join Touro Hospital and Dr. Steeb pursuant to Rule 20(a)(2)(A).[70] Plaintiff states that:

> [a] copy of the Summon [sic] and Complaint was [sic] served on defendant, Touro Infirmary Hospital[,] in accordance with FRCP Rule 4(m). Several attempted services of a copy of the Summon[s] and Complaint were performed on defendant Glen Steeb M.D., in accordance with FRCP Rule 4(m), but was unsuccessful [sic]. Plaintiffs [sic] seek to effectuate service of process by a Process Server without

---

[66] *See, e.g.*, *Recreational Properties, Inc. v. Southwest Mortg. Service Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."); *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) ("When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4).").

[67] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

[68] *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F.Supp.2d.784, 796 (E.D. La. 2013) (Brown, J.) (citations omitted).

[69] Rec. Doc. 27.

[70] Rec. Doc. 31. Rule 20(a)(2) provides that individuals may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and(B) any question of law or fact common to all defendants will arise in the action.

success."[71]

Although the motion is largely incomprehensible, the Court understands Plaintiff to request to join Touro and Steeb as party defendants because she has had difficulty compelling their participation in this lawsuit.  However, permissive joinder pursuant to Rule 20 is not the proper procedure for ensuring that defendants are properly served or for compelling their appearance in court. The Court notes that Plaintiff has named both Touro Hospital and Dr. Steeb as co-defendants in this lawsuit, but has not demonstrated that either has been properly served.[72] Accordingly, Plaintiff's *ex parte* "Motion for Permissive Joinder of Parties"[73] is **DENIED.**

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's "Motion for Reconsideration re Order on Motion to Dismiss Case"[74] is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's "Motion for Default Judgment as to Touro Infirmary Hospital"[75] is **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's "Motion for Permissive Joinder of Parties"[76] is **DENIED.**

New Orleans, Louisiana, this  6th  day of July, 2015.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[71] *Id.* at pp. 1–2.

[72] On February 10, 2015 and again on May 27, 2015, a summons was issued as to Glen Steeb. However, there is no evidence on the record that the summons was executed. Thus, based on the information before it, the Court cannot determine whether Steeb has been properly served in this matter.

[73] Rec. Doc. 31.

[74] Rec. Doc. 14.

[75] Rec. Doc. 27.

[76] Rec. Doc. 31.